**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brendan Dahl, | No. CV-23-08584-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| American Bankers Insurance Company of Florida, | |
| Defendant. | |

Before the Court is Defendant American Bankers Insurance Company of Florida's motion to deny class certification. (Doc. 14.) The motion is fully briefed, and the Court heard oral arguments from the parties on December 10, 2024. For the following reasons, the Court denies the motion.

**I.    Background[1]**

This dispute arises from actual cash value ("ACV") payments American Bankers, an insurer, made to Plaintiff Brendan Dahl, an insured, and a putative class of similarly situated insureds to compensate for losses to property covered by their policies. Dahl alleges that American Bankers calculated its ACV payments to him and the putative class members using a "replacement cost less depreciation" ("RCLD") methodology.[2] (Doc. 11

---

[1] This background is derived from the First Amended Complaint ("FAC"), which the Court accepts as true for the purposes of this motion.

[2] American Bankers uses a commercially available software called Xactimate to estimate the ACV. (Doc. 11 ¶ 46.) Xactimate software exclusively uses the RCLD methodology to calculate the ACV of property damage. (*Id.* ¶ 48.)

¶ 43.) When American Bankers calculated those ACV benefits, it "withheld costs for both materials and future repair labor . . . as depreciation." (*Id.* ¶ 53.) Dahl alleges that, in so doing, American Bankers breached the policy by paying him less than he was entitled to receive. (*Id.* ¶ 61.)

Dahl's policy, which he maintains is "materially identical" to the policies of the putative class members, contains an appraisal provision. It provides that "[i]f settlement cannot be agreed to, then both [the insured] and [American Bankers] have the right to select a competent appraiser within 20 days from the date of disagreement." (Doc. 8-1 at 6). The policy also contains a no-action provision that states that no action shall apply against American Bankers unless "[t]here has been full compliance with all the terms of this policy[.]" (*Id.* at 18.) American Bankers attempted to invoke its right to appraisal after Dahl filed suit. (Doc. 11 ¶ 68.) Dahl alleges that the invocation was untimely and American Bankers therefore lost its right to appraisal as to his claim.[3] (*Id.* ¶ 70.) Dahl does not include any class-wide allegation about the appraisal provision's applicability other than his allegation on behalf of the class that all "conditions precedent to coverage had occurred or been performed." (*Id.* ¶ 33.)

American Bankers filed a motion to dismiss the case for failure to state a claim (Doc. 13) contemporaneously with the motion at issue here. The Court denied the motion to dismiss. (Doc. 32.) It found that Dahl has plausibly stated a claim for breach of contract because, in *Walker v. Auto-Owners Insurance Co.*, 517 P.3d 617 (Ariz. 2022), the Arizona Supreme Court held that an insurer may not depreciate the cost of future repair labor when determining ACV using the RCLD methodology. (*Id.* at 3–4.)

**II.   Legal Standard**

"[D]ismissal of class allegations at the pleading stage should be done

---

[3] No party directs the Court to any language in the policy that defines "date of disagreement," but the parties seem to agree that, at least as to individual claims, it is the date that the insured notifies American Bankers that it does not agree with American Bankers's valuation of the loss. Thus, American Bankers asserts that the policy contains an implicit requirement that the insured notify American Bankers of its dispute. Here, the FAC's allegations state that American Bankers executed a waiver of service on January 8, 2024 (Doc. 7) and attempted to invoke the appraisal provision more than 20 days later, on February 14, 2024 (Doc. 11 ¶ 70).

rarely . . . [T]he better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quotations and citation omitted). Still, American Bankers's preemptive motion to deny class certification is procedurally permissible. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009); *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) ("Rule 23 allows a preemptive motion by a defendant to deny class certification.").[4] At the pleadings stage, such a motion is considered the functional equivalent of a motion to strike class allegations. *Bates v. Bankers Life and Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017).

> The burden varies based on the motion's timing . . . When a motion to deny class certification is brought early in a case—before discovery is substantially complete—a Rule 12(b)(6)-type standard is employed, so the defendant must demonstrate that it would be impossible for the plaintiff to certify a class based on the allegations set forth in the complaint.

*Otto v. Abbott Lab'ys, Inc.*, No. 5:12-CV-01411-SVW-DTB, 2015 WL 12776591, at *2 (C.D. Cal. Jan. 28, 2015) (citation omitted).

### III.   Analysis

American Bankers asserts that the dispute here is one of valuation, falling squarely within the policy's appraisal provision, and when a putative class includes a significant number of members who have agreed to appraise their claims, certification should be denied. (Docs. 14 at 1–2; 26 at 3.) Dahl responds that the appraisal provision is inapplicable to the putative class members' claims because this is not a valuation dispute but rather a legal question that the Court, not an appraiser, must decide. (Doc. 18 at 3.) This is a close question. At the pleadings stage, the Court cannot say it will be impossible for Dahl to demonstrate that the appraisal provision does not apply to the class members' disputes.

In *Lawson*, the Ninth Circuit held that a putative class cannot be certified when that class includes a significant number of members who have agreed to arbitrate their claims. 13 F.4th 908, 913 (9th Cir. 221). "In Arizona, appraisal provisions are analogous to

---

[4] The Court has considered the supplemental authorities submitted by the parties (Docs. 27 & 29) and cases cited to the Court during oral argument.

- 3 -

arbitration provisions and are governed by arbitration principles." *Casitas Del Sol Condo. Owners Ass'n v. State Farm Fire & Cas. Co.*, No. CV-22-00685-PHX-DGC, 2022 WL 3082528, at *2 (D. Ariz. Aug. 2, 2022). Courts are limited in their power to refuse to compel appraisal. *Id.* Thus, it follows that a putative class cannot be certified where a significant number of members are required to submit their disputes to an appraiser.

But the question remains whether this dispute is one for appraisal. This question hinges on whether the dispute is one about valuation or one about coverage. In *Enger v. Allstate Insurance Co.*, 407 F. App'x 191 (9th Cir. 2010), an unpublished decision from the Ninth Circuit, dismissal of the plaintiff's suit against her insurer was appropriate because the plaintiff failed to submit the claim to appraisal after her insurer invoked the provision. 407 F. App'x at 192–93. The appraisal provision stated that, if the parties to the insurance contract failed to agree on the ACV of the loss, either party could invoke the provision. *See id.* at 193. The appraisal provision applied even though the insurer allegedly used an improper valuation method in its adjustment because the policy made "no exception where the source of the dispute is the valuation method used." *Id.*

The appraisal provision in Dahl's insurance policy is like the provision in *Enger*. It provides that if "settlement cannot be agreed to, then both you and we have the right to select a competent and disinterested appraiser within 20 days from the date of disagreement." (Doc. 8-1 at 6.) Further, no action may be brought against American Bankers unless "[t]here has been full compliance with all the terms of this policy." (*Id.* at 18.) It makes no exception for a dispute about the valuation method used, and inclusion of future repair labor in depreciation conceivably could be considered part of the valuation method. *Enger* can thus be read to include disputes like those of the putative class.

Still, *Enger* is not binding, and other courts have cut differently. *See, e.g.*, *Munoz v. GEICO Gen. Ins. Co.*, No. 19-cv-03768, 2019 WL 6465297, at *2 (N.D. Cal. Dec. 2, 2019); *Hawkinson Tread Tire Serv. Co. v. Ind. Lumbermens Mut. Ins. Co.*, 245 S.W.2d 24, 28 (Mo. 1951); *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147, 2020 WL 134169, at *4 (S.D. Ohio Jan. 13, 2020). In *Munoz*, the issue was whether the insurance company

was "obligated by the terms of its Policy to pay [the] undisputed [sales tax] amount to leased insureds just as it pays that amount to owned- or financed-vehicle insureds." 2019 WL 6465297, at *2 (citation omitted). The court found that dispute was not appropriate for appraisal because it presented coverage issues. *Id.* Valuation disputes (like the one in *Enger*) deal with the underlying value of the damage, while coverage disputes concern what the policy means. *Id.* Because the dispute dealt with whether a "categor[y] of cost[] fell within the policies' terms," it was a coverage question outside the scope of appraisal. *Id.* at *3.

Dahl does not allege that his or any putative class member's property damage claim was undervalued. Rather, construing the allegations in the light most favorable to Dahl, the FAC alleges that a category of cost—future repair labor—falls within the policy's coverage, but he and the class were not compensated for that cost. Thus, American Bankers breached the terms of the policy. The Court is not convinced that this disagreement is a "valuation dispute" or that it must, as a matter of law, compel appraisal as to each of the putative class members' claims should the class be certified.

The Court acknowledges that Arizona (and some other states where putative class members reside) have strong policies in favor of alternative dispute resolution, and ambiguities should be resolved in favor of appraisal. *Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369–70 (Ariz. Ct. App. 1994); *New Peublo Constructors, Inc. v. Lake Patagonia Recreation Ass'n*, 467 P.2d 88, 91 (Ariz Ct. App. 1970). But that policy does not warrant a finding from this Court that all putative class members are barred from suit until they submit their claims for appraisal, particularly when the identities of these class members and the substance of their claims are yet uncertain.

What's more, the FAC alleges claims on behalf of putative class members in eight other states with differing law and policy. As another court observed, "exactly when an issue is one for an appraiser to determine versus the court is not entirely clear cut" and requires a "dispute-by-dispute analysis." *Norman v. Standard Fire Ins. Co.*, No. 22-CV-2199, 2023 WL 6018919, at *6 (C.D. Ill. May 15, 2023). It is at least possible that the

putative class could be made up of only those insureds with claims that would fall outside their appraisal provisions based on the language of those provisions and applicable state law. Discovery is necessary to help the Court determine the propriety of a class action in this case. Therefore, it would be inappropriate to grant American Bankers's preemptive motion to deny class certification. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (noting denial of discovery where discovery is necessary to determine propriety of class action is an abuse of discretion).

**IT IS ORDERED** that American Bankers' motion to deny class certification (Doc. 14) is **DENIED**.

Dated this 13th day of December, 2024.

Douglas L. Rayes
Senior United States District Judge