**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brendan Dahl,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>American Bankers Insurance Company of Florida,<br><br>　　　　　　Defendant. | No. CV-23-08584-PCT-DLR<br><br>**ORDER** |

Before the Court is the Motion for Protective Order Limiting the Scope of Class Discovery filed by Defendant American Bankers Insurance Company of Florida ("ABIC"). (Doc. 44.) ABIC seeks a territorial limit on discovery to only the state of residence of the named class representatives, Arizona ("Territorial Limit"), or in the alternative a time limit on the discovery to the statutory or contractual limitations periods ("Time Limit") of the nine "States at issue." (Doc. 44 at 2-3.) The motion is fully briefed (Docs. 52, 58) and for the reasons stated herein is denied.

**I.    Territorial Limit**

To support its proposed Territorial Limit, ABIC argues that under *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017), the Court lacks personal jurisdiction over the claims of putative class members with no connection to Arizona, and therefore Plaintiff should not be allowed to conduct discovery into claims involving putative class members who purchased policies outside of Arizona.

*Bristol-Myers* involved a mass action, not a class action. Neither the Ninth Circuit nor the Supreme Court have addressed whether the reasoning of *Bristol-Myers* applies equally to class actions.[1] *See Bristol-Myers*, 582 U.S. at 278 n.4 (Sotomayor, J. dissenting); *Moser v. Benefytt, Inc.*, 8 F.4th 872, 879 (9th Cir. 2021). ABIC cites no decision from any circuit court finding that *Bristol-Myers* applies to class actions. Instead, the Third, Sixth, and Seventh Circuits have concluded that *Bristol-Myers* does not extend to class actions, finding that the only claims relevant to personal jurisdiction over a class action defendant are those of the named class representative(s). *Fischer v. Fed. Express Corp*, 42 F.4th 366, 375 (3d Cir. 2022); *Lyngaas v. Curaden AG*, 992 F.3d 412, 433-35 (6th Cir. 2021); *Mussat v. IQVIA, Inc.,* 953 F.3d 441, 447 (7th Cir. 2020).

The reasoning of those decisions is persuasive. Class actions are an exception to the usual rules. "The relevant entity for purposes of the litigation after certification is the class, not the individuals who make up the class." *Fischer*, 42 F.4th at 374. Although unnamed class members are considered parties for some purposes, they "are treated as nonparties for other purposes, including jurisdictional ones." *Molock v. Whole Foods Market Grp., Inc.*, 952 F.3d 293, 297 (D.C. Cir. 2020).

ABIC argues that the cases relied on by Plaintiff are distinguishable because they involved federal-law claims while this case involves state-law claims. It argues that because interstate sovereignty concerns were an important factor in *Bristol-Myers*, the specific personal jurisdiction analysis should be different in class actions involving state-law claims than those involving federal-law claims. The cases relied on by Plaintiff, however, did not rely on such a distinction between state-law and federal-law claims. Those cases instead found that the jurisdiction analysis in class actions is different than that for mass tort cases because of the additional due process protections inherent in class action procedures. The Court does not find ABIC's state-law versus federal-law distinction persuasive.

---

[1] In the past, the Supreme Court has ruled on matters involving nationwide class actions where plaintiffs relied on specific personal jurisdiction without noting any jurisdictional concerns. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

- 2 -

Citing footnote 4 in *Wenokur v. AXA Equitable Life Insurance Company*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017), ABIC argues that this Court has already determined *Bristol-Myers* applies to class actions and urges it to adhere to that view. The Court declines to do so for three reasons. First, *Wenokur* is not binding precedent. As a district court decision, *Wenokur* bound only the parties to that case. Second, the Court's cursory statement that "it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class," was dictum. The order granted a motion to transfer a putative class action to a different venue. The Court's statement in footnote 4 was unnecessary to the outcome and, in context, is better understood as the Court observing a transfer of venue to the defendant's home state would avoid a complicated personal jurisdiction issue left open by the Supreme Court in *Bristol-Myers*. Third, the Court's statement in the *Wenokur* footnote came less than four months after the Supreme Court decided *Bristol-Myers*. Since that time, although courts have split on whether that decision applies to class actions, "federal courts in the Ninth Circuit have taken the lead in declining to extend *Bristol-Myers* to this context, at least as to the claims of non-named plaintiffs." *Labrecque v. NewRez LLC*, No. CV-19-00465-TUC-RCC (EJM), 2020 WL 3276699, at *11 (D. Ariz. June 16, 2020). What's more, as noted above, the only three circuit courts to have directly weighed in on the issue have likewise concluded that *Bristol-Myers* does not apply in the class action context. This Court's contrary dictum in *Wenokur* has not withstood later scrutiny. The Court sees no reason why it should be "consciously wrong today because [it] was unconsciously wrong yesterday." *Com. of Mass. v. U.S.*, 333 U.S. 611, 640 (1948) (Jackson, J., dissenting).

For these reasons, the Court declines to impose ABIC's proposed Territorial Limit.

**II.     Time Limit**

ABIC seeks a temporal limit on precertification discovery based on its affirmative defense of contractual suit limitation clauses and its argument that equitable tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) is inapplicable. ABIC

argues that the maximum period for discovery should be determined state-by-state based on the applicable statute of limitations or the suit-limitation contractual period set forth in the polices. ABIC contends that, in states where the policies' suit-limitations applies, the maximum period would run backward from the date of class certification, not from the date the action was filed.

ABIC's motion does not provide the Court with the language of any policy provision upon which its motion relies. ABIC has not stated whether it wrote polices in some or all the states at issue, the dates or time frames of relevant policies, or whether it withheld future repair labor from putative class members making ACV claims during any of the relevant time frames. As of the date the motion was briefed, no discovery had been conducted. There is no evidence offered that the timing of the filing of the lawsuit is outside the suit limitation of any putative plaintiff's policy.

The Court finds that it is premature to issue a blanket protective order based on the record before it. The issues addressed in this portion of ABIC's motion may be raised when the parties litigate the motion for class certification.

**IT IS ORDERED** that ABIC's Motion for Protective Order Limiting the Scope of Class Discovery (Doc. 44) is **DENIED**.

Dated this 28th day of April, 2025.

Douglas L. Rayes
Senior United States District Judge